Rule 2.3.     Bias, Prejudice, and Harassment

(A)     A magisterial district judge shall perform the duties of judicial office, including administrative duties, without bias or prejudice.

(B)     A magisterial district judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice, or engage in harassment, including but not limited to bias, prejudice, or harassment based upon race, sex, gender **identity or expression**, religion, national origin, ethnicity, disability, age, sexual orientation, marital status, socioeconomic status, or political affiliation, and shall not permit court staff, court officials, or others subject to the magisterial district judge's direction and control to do so.

(C)     A magisterial district judge shall require lawyers in proceedings before the court to refrain from manifesting bias or prejudice, or engaging in harassment, based upon attributes including but not limited to race, sex, gender **identity or expression**, religion, national origin, ethnicity, disability, age, sexual orientation, marital status, socioeconomic status, or political affiliation, against parties, witnesses, lawyers, or others.

(D)     The restrictions of paragraphs (B) and (C) do not preclude magisterial district judges or lawyers from making legitimate reference to the listed factors, or similar factors, when they are relevant to an issue in a proceeding.

Comment:

[1]     A magisterial district judge who manifests bias or prejudice in a proceeding impairs the fairness of the proceeding and brings the judiciary into disrepute.

[2]     Examples of manifestations of bias or prejudice include but are not limited to epithets; slurs; demeaning nicknames; negative stereotyping; attempted humor based upon stereotypes; threatening, intimidating, or hostile acts; suggestions of connections between race, ethnicity, or nationality and crime; and irrelevant references to personal characteristics. Even facial expressions and body language can convey to parties and lawyers in the proceeding, the media, and others an appearance of bias or prejudice. A magisterial district judge must avoid conduct that may reasonably be perceived as prejudiced or biased.

[3]     Harassment, as referred to in paragraphs (B) and (C), is verbal or physical conduct that denigrates or shows hostility or aversion toward a person on bases such as race, sex, gender **identity or expression**, religion, national origin, ethnicity, disability, age, sexual orientation, marital status, socioeconomic status, or political affiliation.

[4] Sexual harassment includes but is not limited to sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature that is unwelcome.

[5] The Supreme Court's Rules and Policies, e.g., the Rules of Judicial Administration and the Unified Judicial System Policy on Non-Discrimination and Equal Employment Opportunity, have continued force and effect.

Rule 3.1. Extrajudicial Activities in General

Magisterial district judges shall regulate their extrajudicial activities to minimize the risk of conflict with their judicial duties and to comply with all provisions of this Canon. However, a magisterial district judge shall not:

(A)  participate in activities that will interfere with the proper performance of the magisterial district judge's judicial duties;

(B)  participate in activities that will lead to frequent disqualification of the magisterial district judge;

(C)  participate in activities that would reasonably appear to undermine the magisterial district judge's independence, integrity, or impartiality;

(D)  engage in conduct that would reasonably appear to be coercive; or

(E)  make use of court premises, staff, stationery, equipment, or other resources, except for incidental use for activities that concern the law, the legal system, or the administration of justice, or unless such additional use is permitted by law.

Comment:

[1]    To the extent that time permits, and judicial independence and impartiality are not compromised, magisterial district judges are encouraged to engage in appropriate extrajudicial activities. Magisterial district judges are uniquely qualified to engage in extrajudicial activities that concern the law, the legal system, and the administration of justice, such as by speaking, writing, teaching, or participating in scholarly research projects. In addition, magisterial district judges are permitted and encouraged to engage in educational, religious, charitable, fraternal or civic extrajudicial activities not conducted for profit, even when the activities do not involve the law. **[See]** *See* Rule 3.7.

[2]    Participation in both law-related and other extrajudicial activities helps integrate magisterial district judges into their communities, and furthers public understanding of and respect for courts and the judicial system.

[3]    Discriminatory actions and expressions of bias or prejudice by a magisterial district judge, even outside the magisterial district judge's official or judicial actions, are likely to appear to a reasonable person to call into question the magisterial district judge's integrity and impartiality. Examples include jokes or other remarks that demean individuals based upon their race, sex, gender **identity or expression**, religion, national origin, ethnicity, disability, age, sexual orientation, or socioeconomic status. For the same reason, a magisterial district judge's extrajudicial activities must not be conducted

in connection or affiliation with an organization that practices invidious discrimination. **[See]** *See* Rule 3.6.

[4]    While engaged in permitted extrajudicial activities, magisterial district judges must not coerce others or take action that would reasonably be perceived as coercive.

[5]    Paragraph (E) of this Rule is not intended to prohibit a magisterial district judge's occasional use of office resources, such as a telephone, for personal purposes.

Rule 3.6. Affiliation with Discriminatory Organizations

(A)    A magisterial district judge shall not hold membership in any organization that practices invidious discrimination on the basis of race, sex, gender **identity or expression**, religion, national origin, ethnicity, disability or sexual orientation.

(B)    A magisterial district judge shall not use the benefits or facilities of an organization if the magisterial district judge knows or should know that the organization practices invidious discrimination on one or more of the bases identified in paragraph (A). A magisterial district judge's attendance at an event in a facility of an organization that the magisterial district judge is not permitted to join is not a violation of this Rule when the magisterial district judge's attendance is an isolated event that could not reasonably be perceived as an endorsement of the organization's practices.

Comment:

[1]    A magisterial district judge's public manifestation of approval of invidious discrimination on any basis gives rise to the appearance of impropriety and diminishes public confidence in the integrity and impartiality of the judiciary. A magisterial district judge's membership in an organization that practices invidious discrimination creates the perception that the magisterial district judge's impartiality is impaired.

[2]    An organization is generally said to discriminate invidiously if it arbitrarily excludes from membership on the basis of race, sex, gender **identity or expression**, religion, national origin, ethnicity, disability or sexual orientation persons who would otherwise be eligible for admission. Whether an organization practices invidious discrimination is a complex question to which magisterial district judges should be attentive. The answer cannot be determined from a mere examination of an organization's current membership rolls, but rather, depends upon how the organization selects members, as well as other relevant factors, such as whether the organization is dedicated to the preservation of religious, ethnic, or cultural values of legitimate common interest to its members, or whether it is an intimate, purely private organization whose membership limitations could not constitutionally be prohibited.

[3]    When a magisterial district judge learns that an organization to which the magisterial district judge belongs engages in invidious discrimination, the magisterial district judge must resign immediately from the organization.

[4]    A magisterial district judge's membership in a religious organization as a lawful exercise of the freedom of religion is not a violation of this Rule.

[5]    This Rule does not apply to national or state military service.